IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSHUA LANDERS,

                Petitioner,     :     Case No. 3:18-cv-175

  - vs -                                District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                                 :

                Respondent.

# DECISION AND ORDER DENYING EXPANSION OF THE RECORD

This habeas corpus action is before the Court on Petitioner's Motion to Expand the Record to include the transcript of his first trial on the charges at issue in this case (ECF No. 22).

Petitioner was indicted in June 2013 on four counts of sexual misconduct. He was first tried on the charges in September 2014, but the trial ended in a mistrial because the jury could not agree on a verdict. *State v. Landers*, 2017-Ohio-1194 at ¶ 6 (Ohio App. 2nd Dist. Mar. 31, 2017). The second trial, which resulted in the conviction at issue here, occurred in November 2015. *Id*. at ¶ 8.

Upon initial review of the Petition, the Magistrate Judge ordered Respondent to file an answer along with "those portions of the state court record needed to adjudicate the case." (Order for Answer, ECF No. 3, PageID 34.) Respondent filed the State Court Record (ECF No. 6) and the transcript of the second trial (ECF No. 8) on August 21-22, 2018. Despite taking an extension to do so, Petitioner did not file a reply within the time allowed and only complained of the absence of the first trial's transcript when filing Objections two months later (ECF No. 15).

The Magistrate Judge learned from the Objections that Respondent had not served Petitioner with the second trial's transcript and ordered the State to do so (ECF No. 17), withdrawing the Report and Recommendations to allow Petitioner time to file a reply with the benefit of the transcript (ECF No. 19). The State, however, was not ordered to file the first trial's transcript or furnish it to Petitioner because "he has made no argument why that transcript is necessary, but only a conclusory allegation that it is." (ECF No. 19, PageID 809.) The instant Motion is Petitioner's effort at supplying reasons.[1]

Petitioner argues the first trial's transcript is necessary to show that the "other bad act" evidence presented only in the second trial was the only evidence in addition to what was presented in the first trial and that additional evidence did not warrant removing from the jury "the opportunity to base Petitioner's guilt, or innocence upon the lesser include [sic] offense charge of Attempted Anal Rape – Count 4." (ECF No. 22, PageID 828.)

Second, Landers argues the first trial's transcript will enable him "to prove that the Prosecutor did knowingly present perjured or falsification [sic] testimony during the Trial . . ., as the Petitioner believes the Transcripts will show that the victim's testimony was inconsistent, and contradicted by the two other State's witnesses during the First Trial." (ECF No. 22, PageID 828.)

Third, the first trial's transcript, Petitioner claims, will provide him "the opportunity to prove that Trial Counsel was Ineffective for failing to impeach the victim's testimony during the Second Trial, pursuant to [Ohio] Evid. R. 616(C) and Evid. R. 613(A)." *Id.* at PageID 829.

---

[1] Petitioner's Reply to Order to Provide Transcript or Correct Certificate of Service (ECF No. 20) is a verbatim copy of the Motion to Expand except for the sentence on PageID 817 which reads, "Additionally the First Trial Transcripts will enable Petitioner to demonstrate that the Trial Court, State and Defense Counsel were all full [sic] aware that Count 3 and Count 4, were to be considered the same offense for Double Jeopardy Protection."

Fourth, having the first trial's transcript will enable proving Petitioner's claims of ineffective assistance of appellate counsel for not raising (1) ineffective assistance of trial counsel on appeal and (2) prosecutorial misconduct for presenting false or perjured testimony. *Id.*

Fifth, because the DNA evidence presented at the first trial will be seen from the transcripts to be the same as was presented at the second trial, this habeas court will see the state courts erred in relying on the victim's "plain and obvious inconsistent, and strongly contradicted testimony." *Id.* at PageID 829.

Sixth, the first trial's transcript will show the "other bad act" evidence presented at the second trial was used to demonstrate bad character and was prejudicial because, without it, the evidence was insufficient to support conviction on any of the charges. *Id.*

## Analysis

The Magistrate Judge concludes that expansion of the record to add the first trial's transcript is not necessary for proper adjudication of this case.

Landers was tried twice on the same four-count indictment. The first time his counsel achieved a hung jury on all four counts. The second time his counsel achieved acquittal on three of the four counts. The theme running through Landers' Motion seems to be that, had the second trial involved the same evidence as the first, the second jury would also have been unable to reach any guilty verdict.

But this reasoning misses the impact of a mistrial. Jeopardy within the meaning of the Double Jeopardy Clause "attaches" when a trial jury is sworn. *Martinez v. Illinois*, 572 U.S. 833 (2014); *Crist v. Bretz*, 437 U.S. 28 (1978). But that jeopardy is dissolved when a mistrial is

3

declared, especially where, as here, a defendant makes no objection to the declaration of mistrial. Once a mistrial has been declared, neither side is barred at a second trial from introducing new or different evidence or making different arguments. Indeed, it would be a foolish litigant who, having failed to persuade a first jury, made no attempt to improve his or her case the second time around. That is clearly what the prosecutor did here with the "other bad acts" evidence.

Once a mistrial is declared, what the first jury did or did not do becomes irrelevant to the constitutionality of conviction by a second jury. Even tentative decisions of a first jury may become irrelevant if, instead of declaring a mistrial, the judge instructs the jury to try harder to reach agreement and they eventually do. In *Blueford v. Arkansas*, 566 U.S. 599 (2012), the Supreme Court decided that a jury's report that it had decided against capital and first degree murder but was deadlocked on manslaughter did not preclude a mistrial and retrial on those two charges when the jury hung somewhat later.

Petitioner's Motion to Expand must be decided against this basic set of principles about mistrials and the Grounds for Relief he actually pleads which are:

> **Ground One:** Petitioner's right of Double Jeopardy was violated, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, because Trial Court granted State's Rule 29 motion to dismiss Count 4-Attempted Anal Rape, and failed to terminate prosecution against Petitioner on Count 3-Anal Rape charge.
>
> **Ground Two:** Petitioner was deprived of right to Due Process of Law and a Fair Trial, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, where the Trial Court granted the State's Rule 29 motion at the conclusion of its case in chief.
>
> **Ground Three**: Petitioner was deprived of right to Due Process, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, where Trial Court denied Defense motion for lesser included offense instruction of Attempted Anal Rape for Count 3 Anal Rape Charge.

> **Ground Four**: Petitioner was deprived of right to Due Process, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, as State's evidence insufficient to support conviction.
>
> **Ground Five:** Petitioner was deprived of right to Effective Assistance of Trial and Appellate Counsel, as guaranteed by the 6th Amendment of the United States Constitution, by Counsel's failure to bring constitutional issues to the State's Courts [sic] attention, that resulted in the wrongful conviction of an innocent man.
>
> **Ground Six**: Petitioner was deprived of right to Due Process of Law and Fair Trial, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, due to Trial Court's permitting the State to introduce "other acts" testimony.

(Petition, ECF No. 1, PageID 5-14.)

Petitioner claims the first trial's transcript will assist him in proving each of his Grounds for Relief (ECF No. 22, PageID 828).

The first trial's transcript is of no use with respect to Ground One (Double Jeopardy) because that claim is procedurally defaulted: it was never fairly presented to the Ohio courts as a double jeopardy claim.

Ground Two asserts a denial of due process and fair trial when the State dismissed Count 4 at the conclusion of its case. Nothing in the first trial's transcript is argued to be relevant to this claim. The claim was argued in the Petition as an infringement of Landers' right to grand jury indictment by way of constructive amendment. There is no federal right to grand jury indictment applicable to the States. *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n.25 (1972); *Hurtado v. California*, 110 U.S. 516 (1884). No Supreme Court case law clearly establishes that a defendant's constitutional rights are denied in any way when a court dismisses a charge with prejudice without even requiring the defendant to present evidence.

In Ground Three Petitioner complains of the failure of the trial judge to give a lesser included offense instruction on the anal rape count. The first trial's transcript has no probative

value with respect to this claim because there is no constitutional requirement to give a lesser included offense instruction in a non-capital case. *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990).

Ground Four is an insufficient evidence claim under *Jackson v. Virginia*, 443 U.S. 307 (1979). Landers argues there are inconsistencies between the evidence presented in the first trial and that presented in the second. Any such inconsistencies that were demonstrated to the second jury were for that jury to resolve. Inconsistencies the second jury did not hear about are not relevant to the sufficiency of the evidence to support its verdict. But inconsistencies between witnesses and even within the testimony of one witness are not uncommon. The Due Process Clause does not require even that all the evidence presented in one trial be perfectly consistent. In any event, the first trial's transcript would not assist Petitioner in demonstrating that there were inconsistencies in the witnesses' testimony in the second trial.

In his Fifth Ground for Relief, Landers asserts ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

The first ineffective assistance of trial counsel sub-claim is failure to object to the prosecutor's misconduct in presenting or failing to correct perjured testimony. To prove this claim, Landers would have to show that (1) a witness testified falsely, (2) the prosecutor knew the testimony was false, and (3) Petitioner's trial attorney also knew the testimony was false. Presumably, Landers is claiming the victim's testimony of sexual misconduct is false, because he claims to be innocent. But he points to nothing in the record that proves the victim was lying, much less proof the prosecutor knew it was false and his own attorney knew that the prosecutor knew that. The first trial's transcript could add nothing of value on this question. The other two sub-claims of ineffective assistance of trial counsel do not relate at all to what happened in the first

6

trial.

Any claim of ineffective assistance of appellate counsel is procedurally defaulted by Landers' failure to appeal to the Ohio Supreme Court from the Second District's denial of his application to reopen under Ohio R. App. P. 26(B).

In Ground Six Landers claims constitutional error in the admission of the "other bad acts" evidence. The first trial's transcript would show that no such other bad acts evidence was introduced at the first trial. But that difference between the two trials is recognized on the very face of the Second District's decision on direct appeal. It noted: "A jury trial was held in September 2014, and resulted in a hung jury. Subsequently, the State filed notice that it intended to use evidence of Landers' prior bad acts." *State v. Landers*, 2017-Ohio-1194, at ¶¶ 6-7 (Ohio App. 2nd Dist. 2017). The first trial's transcript is not needed to show that the other bad acts proved at the second trial were not presented in the first trial.

Other purposes for which Petitioner seeks the first trial's transcript are not related to any viable ground for relief. He asserts he need the transcript to show prosecutorial misconduct (ECF No. 22, PageID 828), but he has not pleaded a prosecutorial misconduct ground for relief. His claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel for failure to object to prosecutorial misconduct are procedurally defaulted.

He has not pleaded an ineffective assistance of trial counsel claim for failure to impeach the victim. In any event, that claim is belied by the record; the Second District recognized the victim "was cross-examined about her testimony at the prior trial, where she said that Landers' penis was inside her 'all the way.'" *Landers, supra,* at ¶ 79, n.2 (copy at State Court Record, ECF No. 6, PageID 135).

Petitioner wants the first trial's transcript to show the DNA evidence was the same at both

trials (ECF No. 22, PageID 829).  Again, the State does not contest this point.  The Second District found the DNA evidence was "not as strong as in some cases." *Id.* at ¶ 97.  The weakness of the evidence supports a manifest weight of the evidence claim, which was Landers' Fourth Assignment of Error on direct appeal. *Id.* at ¶ 91.  But a claim that a verdict is against the manifest weight does not state a claim under federal constitutional law. *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986).  The federal claim related to the weight of the evidence is that it was insufficient to convict.  That the first jury heard the same DNA evidence as the second would not show there was insufficient evidence at the second trial.

In sum, because the first trial's transcript would not assist the Court in deciding this case, Petitioner's Motion to Expand the Record to include that transcript is DENIED.

November 15, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge