# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOSHUA LANDERS,

                Petitioner,        :    Case No. 3:18-cv-175

      - vs -                      District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                              :
                Respondent.

---

# SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This habeas corpus action is before the Court for decision on the merits. Upon initial consideration of the Petition, the Court ordered the Respondent to file the state court record and a return of writ (ECF No. 3) which has been done (ECF Nos. 6, 7, and 8). After extensions of time to do so, Petitioner has filed a Reply (ECF No. 27), rendering the case ripe for decision.

**Procedural History**

Joshua Landers was indicted by a Greene County grand jury on three counts of rape of a child under thirteen years of age and one count of attempted anal rape of the same victim. A first trial resulted in a hung jury. At a second trial the State moved to dismiss the attempt charge at the close of its case; the trial judge granted a defense motion to have the dismissal be with prejudice. The jury acquitted Landers on the first two counts but convicted him of anal rape as charged in

Count Three. He was then sentenced to ten years to life imprisonment and classified as a Tier III sex offender.

Landers appealed to the Second District Court of Appeals which affirmed the conviction. *State v. Landers,* 2nd Dist. Greene No. 2015-CA-74, 2017-Ohio-1194 (Mar. 31, 2017), appellate jurisdiction declined, 150 Ohio St. 3d 1411, 2017-Ohio-6964. Landers subsequently filed an application under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel. The Second District denied relief on both procedural and merits grounds on August 21, 2017 (State Court Record (ECF No. 6, PageID 191-209).

Landers claims (Reply, ECF No. 27, PageID 849) he appealed to the Supreme Court of Ohio and attaches to his Reply a copy of the face sheet and table of contents of a Memorandum in Support of Jurisdiction and a copy of an Affidavit of Indigency, both captioned in the Ohio Supreme Court (ECF No. 27, PageID 883-86.) Each of these documents bears two "Received" stamps from the Clerk of the Supreme Court, one dated September 29, 2017, and one dated October 13, 2017. He presents no documents showing he "filed," in the Supreme Court of Ohio, merely that the Clerk received these documents on the dates shown. A search of the Supreme Court's database shows only Case No. 2017-0650 which was the direct appeal filed May 12, 2017, and in which the court declined to exercise jurisdiction. The Magistrate Judge concludes Landers never effectively filed an appeal to the Supreme Court of Ohio from denial of his Ohio R. App. P. 26(B) Application.

Because Landers procedurally defaulted his ineffective assistance of appellate counsel claims, he cannot rely on ineffective assistance of appellate counsel to excuse procedural default. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

On May 21, 2018, Landers filed his Petition in this Court, pleading the following grounds

for relief:

> **Ground One:** Petitioner's right of Double Jeopardy was violated, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, because Trial Court granted State's Rule 29 motion to dismiss Count 4-Attempted Anal Rape, and failed to terminate prosecution against Petitioner on Count 3-Anal Rape charge.

> **Ground Two:** Petitioner was deprived of right to Due Process of Law and a Fair Trial, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, where the Trial Court granted the State's Rule 29 motion at the conclusion of its case in chief.

> **Ground Three**: Petitioner was deprived of right to Due Process, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, where Trial Court denied Defense motion for lesser included offense instruction of Attempted Anal Rape for Count 3 Anal Rape Charge.

> **Ground Four**: Petitioner was deprived of right to Due Process, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, as State's evidence insufficient to support conviction.

> **Ground Five:** Petitioner was deprived of right to Effective Assistance of Trial and Appellate Counsel, as guaranteed by the 6th Amendment of the United States Constitution, by Counsel's failure to bring constitutional issues to the State's Courts [sic] attention, that resulted in the wrongful conviction of an innocent man.

> **Ground Six**: Petitioner was deprived of right to Due Process of Law and Fair Trial, as guaranteed by the 5th and 14th Amendment [sic], United States Constitution, due to Trial Court's permitting the State to introduce "other acts" testimony.

(Petition, ECF No. 1, PageID 5-14.

# Analysis

**Ground One:  Double Jeopardy**

In his First Ground for Relief, Landers contends his rights under the Double Jeopardy Clause were violated when the trial court dismissed Count 4, the attempted anal rape charge, without also dismissing Count 3 (Petition, ECF No. 1, PageID 5; ECF No. 1-1, PageID 20-21).

Respondent asserts this claim is procedurally defaulted because it could have been raised on direct appeal but was not (Return of Writ, ECF No. 7, PageID 250-51). Under Ohio law, a claim which can be adjudicated on direct appeal must be raised there or it is barred by *res judicata* from being raised in a subsequent proceeding. *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has held that Ohio's doctrine of *res judicata* in criminal cases is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.).

On direct appeal, Landers raised this issue as a fair trial claim. His Second Assignment of Error stated "The trial court erred and thereby deprived Landers of a fair trial under the United States and Ohio Constitutions when it granted the State's motion to dismiss Count IV after its case in chief." *State v. Landers,* 2017-Ohio-1194, ¶ 71. The Second District found no error because the State had presented evidence of anal rape – actual penetration – but no evidence of an unsuccessful attempt at anal rape. *Id.* at ¶¶ 72-82. No argument whatsoever was made about Double Jeopardy.

As his Third Assignment of Error on direct appeal, Landers asserted "the trial court erred when it overruled Defendant's motion for a lesser included instruction." 2017-Ohio-1194, ¶ 83. The Second District analyzed this assignment in two steps. The first step was to determine

that, as Landers contends, attempted anal rape is a lesser included offense of anal rape; the court found this conclusion was not disputed. *Id.* at ¶ 86. The second step was to analyze the testimony to see if it supported the instruction. Because the victim testified to successful penetration, a lesser included instruction on attempt was not justified. *Id.* at ¶¶ 87-89. Here again, there is no mention of the Double Jeopardy Clause.

Nor is it the case that Landers sought relief on Double Jeopardy grounds but the Second District missed the issue: Landers's brief on appeal also includes no mention of the Double Jeopardy Clause nor does it cite any federal case law on that issue (State Court Record, ECF No. 6, PageID 68).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006) ; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)

(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001) ("relatedness" of a claim will not save it).

"[A] state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition or a brief (or a similar document)" to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). When a defendant does so little to present his claim that it has not been fairly presented, then the presumption under *Harrington v. Richter* that the state court decided the claim on the merits is "fully rebutted." *Johnson v. Williams*, 568 U.S. 289, 302 n.3 (2013). On the other hand, when a federal claim is fairly presented but not addressed, "a federal habeas court must *presume* that the federal claim was adjudicated on the merits . . . ." *Ross v. Pineda,* No. 11-3454, 549 F. App'x 444, (6th Cir. 2013) (emphasis in original, quoting *Johnson,* 568 U.S. at 300.

Landers claims in his Reply (ECF No. 27, PageID 850-51) that his trial counsel preserved "Double Jeopardy and Due Process issues to the Trial Court" by objecting to dismissal of the attempted anal rape charge, citing Trial Tr. ECF No. 8-3 at PageID 547-49 and 555-56. The Magistrate Judge has examined those pages of the transcript and finds no reference whatsoever to Double Jeopardy.

Landers argues failure to raise this issue on direct appeal was ineffective assistance of appellate counsel (Reply, ECF No. 27, PageID 851). But Landers has procedurally defaulted any ineffective assistance of appellate counsel claim by not effectively appealing to the Ohio Supreme Court from denial of his 26(B) Application.

Landers continues to insist that attempted anal rape is a lesser included offense of actual anal rape and that therefore, under the Double Jeopardy Clause, he could not be punished for both of them based on the same conduct (Reply, ECF No. 27, PageID 854-55). That is correct, but Landers has only been punished for the actual rape because the attempted rape charge was dismissed.

Landers asserts that it was "an objectively unreasonable ruling" for the trial court to dismiss the attempt charge with prejudice at the conclusion of the State's case (Reply ECF No. 27, PageID 856). He cites several Ohio cases holding that a dismissal with prejudice on the State's motion has the same effect as an acquittal. That is correct. The State of Ohio can never again, because of the Double Jeopardy Clause, try Landers for attempted anal rape arising out of this incident. But that did not and does not bar conviction on the actual rape charge.

Because Landers did not fairly present a Double Jeopardy claim to the Second District, his First Ground for Relief is procedurally defaulted and should therefore be dismissed. But even if the Court looked beyond the procedural default, it should not find for Landers on the merits because there was no Double Jeopardy violation here.

**Ground Two: Dismissal of the Attempted Anal Rape Charge**

In his Second Ground for Relief, Landers asserts he was denied due process of law when the state trial court granted the State's motion to dismiss the attempt charge at the close of the State's case (Petition, ECF No. 1, PageID 7). As noted above, Landers presented this claim to the Second District as his Second Assignment of Error on direct appeal.

When the State moved to dismiss Count 4, Landers' counsel asked that the motion be denied or, in the alternative, a lesser included offense instruction be given. *Landers,* 2017-Ohio-1194, ¶ 72. The trial court denied both of those requests, although it made the dismissal with prejudice at Landers' request.[1] The Second District decided this assignment of error as follows:

> {¶ 73} According to Landers, the trial court erred by removing an option for the jury to convict him of a lesser charge. In this vein, Landers points to evidence that A.G. did not tell the examining doctor or her mother that she had been anally raped, and that A.G.'s testimony varied regarding the anal rape.

> * * *

> {¶ 78} The Supreme Court of Ohio has held that "there is sufficient evidence of anal intercourse, for purposes of the crime of anal rape under R.C. 2907.02, where the trier of fact finds that the defendant penetrated, however slightly, the victim's anus with any part of the defendant's body, or with any instrument, apparatus, or other object. If the evidence shows that the defendant made contact only with the victim's buttocks, there is not sufficient evidence to prove the defendant guilty of the crime of anal rape. As a corollary, where the evidence shows that the defendant attempts to penetrate the victim's anus, and, for whatever reason, fails to do so and makes contact only with the buttocks, there is sufficient evidence to prove the defendant guilty of the crime of attempted anal rape." *State v. Wells*, 91 Ohio St.3d 32, 34, 2001 Ohio 3, 740 N.E.2d 1097 (2001).

> {¶ 79} We have carefully reviewed A.G.'s testimony, and there is no indication of an attempted anal rape, rather than an anal rape. Rather than describing an attempt, A.G.'s testimony indicates that penetration occurred. *See* Transcript of Proceedings, Vol. I, pp. 60-

---

[1] The request to dismiss with prejudice was apparently made out of an abundance of caution. Since jeopardy had already attached on that Count, the State would have been unable, because of the Double Jeopardy Clause, to re-try Landers on the attempt count. The hung jury at the first trial did not prevent retrial because a hung jury "interrupts" jeopardy.

62 (indicating that Landers' penis went "in" her "butt" and went into her "butthole," but not all the way); pp. 70-71 (she yelled after he put his penis in her "butthole"); pp. 80-81 (he put his penis inside her anus and she yelled out; his penis was actually in her anus at that time but it was not in there all the way); and p. 88 (his penis was "in her butt," but not all the way).

{¶ 80} It is true that A.G. did not tell her mother about the anal rape, nor did she report it to Dr. Matre at the hospital. However, Dr. Matre stated that it is common for children to disclose sexual abuse gradually; sometimes they will come in with one complaint and later something else will surface. Dr. Matre also did not find any trauma to the anus. However, Dr. Matre, who had 37 years of experience in this area, stated that he had received histories of anal penetration before, and did not usually find any physical findings. The anal swabs also contained a partial Y (male) chromosome from which Landers' DNA profile could not be excluded.

{¶ 81} As a result, we find no error in the fact that the trial court granted the State's request to dismiss the charge in Count IV for attempted anal Rape (*sic*). The State conceded that it could not prove an attempt, and this was true.

*State v. Landers, supra.*

Petitioner did claim on appeal that the dismissal was an unconstitutional denial of a fair trial, although he cited no federal case law in this section of his brief. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 99-100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Petitioner has presented no Supreme Court case law in his Petition that would show his right not to have Count 4 dismissed was clearly established. Instead, he argues this Ground for Relief in the Attachment to the Petition as an infringement on his right to indictment by a grand

jury by way of constructive amendment of the indictment (ECF No. 1-1, PageID 21-23). However, the Fifth Amendment right to indictment by grand jury does not apply to the States. *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n.25 (1972); *Hurtado v. California*, 110 U.S. 516 (1884). More substantively, a prosecutor does not constructively amend an indictment when he dismisses one of its counts because he has not presented sufficient evidence to support it. After such a dismissal, the jury cannot return any verdict on the dismissed count.

In his Reply Landers argues the trial court abused its discretion in granting the State's motion to dismiss because Ohio R. Crim. P. 29 only provides for such motions by the defense or by the court *sua sponte* (ECF No. 27, PageID 859). While that Rule essentially provides for an involuntary dismissal of a charge – i.e., over the State's objection – it does not restrict the State's right at any point to concede it cannot prove a charge and dismiss that charge.

Landers argues that his indictment on both charges proves the grand jury thought it was possible the trial jury could find him not guilty of actual anal rape, but guilty of the lesser charge (Reply, ECF No. 27, PageID 863). But the state of the evidence before the grand jury does not control as to the state of the evidence at the close of the State's case.

Ground Two should be dismissed.


**Ground Three:  Failure to Give a Lesser Included Offense Instruction on Count Three**


In his Third Ground for Relief, Landers claims he was denied due process when the trial court refused to give a lesser included offense instruction as to the anal rape charge, Count 3. Although the Second District agreed that attempted anal rape was a lesser included offense of anal rape, it found no error in refusing the instruction because the evidence would not have supported

a conviction for attempted anal rape. *Landers,* 2017-Ohio-1194, ¶¶ 83-90. This conclusion is consistent with Ohio law and the testimony of the victim as the Second District recounted it.

However, even if Ohio law would have supported giving the lesser included instruction, the trial court was not constitutionally obliged to do so. There is no constitutional requirement to give a lesser included offense instruction in a non-capital case. *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990).

Landers argues in his Reply that failure to instruct on the lesser offense somehow amounted to a constructive amendment of the indictment. As pointed out above, however, the Fifth Amendment grand jury right is not applicable to the States.

Landers argues that the jury's acquittal of him on two counts proves that he is actually innocent (Reply, ECF No. 27, PageID 865). Not so. The jury's verdict on those two counts does not even prove he is actually innocent of the conduct charged in those counts. Rather, the acquittal acts as a bar on his ever being tried again on those two counts.

Therefore, Ground Three should be dismissed.


**Ground Four: Insufficiency of the Evidence**


In his Fourth Ground for Relief, Landers asserts he was convicted on insufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, No. 3:03-po-2, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007)

(Rice, J.).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of

course, it is state law which determines the elements of offenses; but once the state has adopted

the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would.  First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury.  See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993).  Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution.  Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable.

See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652, 661 (6th Cir. 2008); *accord: Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc);. The standard does not require that all the State's evidence must be internally consistent. Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

Landers did not present an insufficiency of the evidence claim to the Second District. Instead, his Fourth Assignment of Error asserted his conviction was against the manifest weight of the evidence. *State v. Landers,* 2017-Ohio-1194, ¶¶ 91-98. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997), the Ohio Supreme Court reaffirmed the

13

important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra,* 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App. 3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (1st Dist. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, paragraph three of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

Because Landers did not present a sufficiency of the evidence claim to the Second District, it would be proper to dismiss his Fourth Ground for Relief for lack of fair presentation. However, a state court finding that the verdict is not against the manifest weight of the evidence implicitly also holds that there is sufficient evidence. *Nash v. Eberlin,* No. 06-4059, 258 F. App'x 761, (6th Cir. Dec. 14, 2007); *Ross v. Miller*, No. 1:10-cv-1185, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011) (White, M.J.); *Hughes v. Warden,* No. 1:10-cv-091, 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011) (Merz, Mag. J.).

Landers's argument on this claim notes inconsistencies in the State's evidence, but such inconsistencies are for the jury to resolve. He also asserts that the State presented perjured testimony by the victim, but offers no proof of perjury, except that the same inconsistencies appear in the testimony offered at the first trial and at the second. There, says Landers, "it's indisputable 1 or more of these State's witnesses had to be lying." (Reply, ECF No. 27, PageID 867.) Because two people witnessing the same event frequently give conflicting accounts of what they have seen, trial judges routinely instruct juries to resolve inconsistencies if they can and not to regard every inconsistency as proof of perjury. It is simply not the case that because the witnesses were

inconsistent that one of them must have been lying, much less that the prosecutor knew which one was lying. It is the function of juries to sort out such inconsistencies.

Landers argues that the evidence against him was incomplete, emphasizing the gaps in the DNA evidence (Reply, ECF No. 27, PageID 871). But the question before a habeas court on an insufficiency of the evidence claim is not whether all possible evidence has been gathered and presented, but whether enough evidence has been presented to persuade a reasonable juror beyond a reasonable doubt. Landers has not shown that the jury and state courts' decisions on this point are objectively unreasonable.

Ground Four should therefore be dismissed.


**Ground Five: Ineffective Assistance of Trial and Appellate Counsel**


In his Fifth Ground for Relief, Landers asserts he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel "by counsel's failure to bring constitutional issues to the States [sic] courts attention, that resulted in the wrongful conviction of an innocent man." (Petition, ECF No. 1-1, PageID 26.)

To the extent Landers claims ineffective assistance of appellate counsel, that claim is procedurally defaulted by his failure to appeal to the Supreme Court of Ohio from the Second District's denial of his App. R. 26(B) application.

Petitioner also raises three claims of ineffective assistance of trial counsel: (1) failure to object to the prosecutor's misconduct in presenting or failing to correct perjured testimony; (2) asking for a lesser included offense instruction on Count 3; and (3) failure to secure "an expert Medical and Child Psychologist witness," allegedly to save the Greene County Public Defender's

Office money.  (Petition, ECF No. 1-1, PageID 26-28.)  Petitioner purports to raise other issues of ineffective assistance of trial counsel in his Reply (ECF No. 27, PageID 873-75).  However, a party may not effectively amend a petition by raising new claims in a reply.

The governing standard for ineffective assistance of trial counsel, as Landers acknowledges, was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

As noted above, Ohio's criminal *res judicata* rule requires that issues that can be decided on the appellate record be raised on direct appeal. This includes claims of ineffective assistance of trial counsel if they are shown on the trial court record. On the other hands, claim of ineffective assistance of trial counsel which depend on evidence outside the record must be raised by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21.

In his first subclaim of ineffective assistance of trial counsel, Landers faults his trial attorney for not objecting to prosecutorial misconduct in presenting false or perjured testimony. However, the only evidence of perjury or falsification to which he refers is the inconsistencies in the testimony of State's witnesses. Inconsistency does not prove perjury. Conversely if the inconsistencies are clear enough on the record to prove perjury or falsification, then trial counsel's failure to object could have been raised on direct appeal, but it was not. Therefore, the first subclaim of ineffective assistance of trial counsel should be dismissed.

In his second subclaim, Landers asserts his trial attorney performed deficiently in asking for a lesser included offense instruction (Petition, ECF No. 1-1, PageID 27). This claim is completely inconsistent with Landers' Third Ground for Relief where he claims it was unconstitutional to refuse the instruction. His theory seems to be that since the jury at his first trial

failed to return a verdict at all, he would have received the same result at the second trial if counsel had not sought the instruction. But the record is clear that counsel only sought the instruction after the State had moved to dismiss Count 4, at which point Landers had no chance of a conviction for attempt alone without the lesser included offense instruction. It was not deficient performance to seek such an instruction.

In his third subclaim, Landers asserts his trial attorney performed deficiently by failing to obtain an expert and that his reason for doing so was to save the Greene County Public Defender money (Petition, ECF No. 1-1, PageID 28, citing Trial Transcript at pp. 222-23). This claim evinces a misreading of the transcript. It is the State through Greene County that pays for expert witnesses. It is clear from reading the transcript that the offer was to save the County money, not the Public Defender. It is also clear from the transcript that an expert, Dr. Heinig, had been hired and the offer was merely to present his testimony by reading it into the record.

From the pleading, it appears Petitioner may be complaining of the lack of expert qualifications of the State's expert witnesses, but the Constitution places no such restriction on evidence.

Ground Five should therefore be dismissed.


**Ground Six: Introduction of "Other Acts" Testimony**


Over Petitioner's objection, the State was permitted to introduce evidence of "other bad acts" – sexual contact with the victim which the State characterized as "grooming" behavior, and which occurred before the sexual conduct for which Landers was indicted. Landers claims that he was prejudiced by this evidence on the theory that it was not introduced in his first trial which

resulted in a hung jury (Petition, ECF No. 1, PageID 14-15).

Landers presented this claim to the Second District as his First Assignment of Error, complaining: "The Trial Court Erred When It Allowed the State to Use 404(B) Evidence at Trial Without a Contemporaneous Limiting Instruction, and This Error Deprived Landers of His Right to a Fair Trial Pursuant to the United States and Ohio Constitutions." *Landers,* 2017-Ohio-1194, ¶ 50. The Second District decided the claim as follows:

{¶ 51} Under this assignment of error, Landers contends that the trial court erred in allowing the State to submit evidence of his sexual contact with A.G. on or about February 16, 2013. Landers was not charged with offenses relating to this conduct, and the State asked that the evidence be admitted as evidence that Landers was "grooming" A.G. for the acts that occurred on March 2, 2013.

{¶ 52} Ohio Evid. R. 404(B) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶ 53} R.C. 2945.59 also provides that "[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶ 54} Evid. R. 404(B) "is in accord with R.C. 2945.59," and both the rule and statute adopt the common law to "preclude admission of other acts evidence to prove a character trait in order [**20] to demonstrate conduct in conformity with that trait * * *." (Citations omitted.) *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 16. However, unlike R.C. 2945.59, Evid.R. 404(B) "contains no reference to materiality." *Id.* at ¶ 17. "Rather,

[Evid.R. 404(B)] precludes the admission of evidence of crimes, wrongs, or acts offered to prove the character of an accused in order to demonstrate conforming conduct, and it affords the trial court discretion to admit evidence of other crimes, wrongs, or acts for 'other purposes,' including, but not limited to, those set forth in the rule. Hence, the rule affords broad discretion to the trial judge regarding the admission of other acts evidence." *Id.*

{¶ 55} The Supreme Court of Ohio has stressed that "[u]nless the trial court has 'clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere' with the exercise of such discretion." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967).

{¶ 56} "Generally, evidence of other acts is admissible if it is offered for a purpose other than to prove the character of a person in order to show action in conformity with that character, Evid.R. 404(B), it is relevant when offered for that purpose, Evid.R. 401, and the danger of unfair prejudice does not substantially outweigh its probative value. Evid.R. 403." *Kirkland* at ¶ 68, citing *Williams* at ¶ 20.

{¶ 57} In *Williams*, the court stated that:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice.

*Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 20.

{¶ 58} As was noted, the State's purpose in presenting evidence about Valentine's Day weekend was to show that Landers was grooming A.G. In *Williams*, the court observed that "'[g]rooming refers to deliberate actions taken by a defendant to expose a child to sexual material; the ultimate goal of grooming is the formation of an

emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity' * * * ." *Id.* at ¶ 21, quoting *United States v. Chambers*, 642 F.3d 588, 593 (7th Cir.2011).

{¶ 59} The "other acts" evidence concerning Landers' conduct a few weeks before the alleged rapes was relevant to this issue, as it indicated an attempt to form an emotional connection with A.G. and a gradual introduction to sexual activity in order to reduce A.G.'s inhibitions. It was also not presented as proof of Landers' character, but for a legitimate purpose, to show intent, plan, and preparation.

{¶ 60} As to the third step, the court in *Williams* concluded that the evidence was "not unduly prejudicial, because the trial court instructed the jury that this evidence could not be considered to show that [the defendant] had acted in conformity with a character trait." *Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 24. In *Williams*, the trial court gave the cautionary instruction both at the time the witness testified and during its charge at the end of the case. *Id.* at ¶ 8-9.

{¶ 61} In contrast, the trial court in the case before us refused to give a cautionary instruction at the time A.G. testified as to the prior acts; instead, the court said it would give a limiting instruction at the time of the charge to the jury. Transcript of Proceedings, Vol. I, pp. 24-25. Consistent with its promise, the court did, in fact, provide a limiting instruction when the jury was charged. *See* Transcript of Proceedings, Vol. II, p. 318. As a result, the trial court did not abuse its discretion in allowing the evidence as to prior sexual contact between Landers and A.G.

{¶ 62} The Supreme Court of Ohio has indicated that where a limiting instruction is given in connection with admission of 404(B) evidence, the jury is presumed to have followed the instructions given by the trial court. *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶ 194. Thus, we presume that the jury followed the trial court's instructions.

{¶ 63} In a second issue under this assignment of error, Landers argues that the trial court erred by failing to give a contemporaneous instruction when A.G. testified about the "other acts" evidence. In this regard, Landers relies on our prior decision in *State v. Shaw*, 2d Dist. Montgomery No. 21880, 2008-Ohio-1317.

{¶ 64} In *Shaw*, the defendant was charged with 15 counts of Rape of a Child Under the Age of Thirteen and 10 counts of Sexual

Battery in connection with three of his minor daughters. *Id.* at ¶ 3. The trial court allowed "an extensive amount of 'other acts' testimony," but failed to give any limiting instruction about the evidence. *Id.* at ¶ 9. In this regard, we observed that "the State elicited extensive testimony from the three girls that they had endured ongoing sexual abuse by their father. Over the years the abuse of each girl was said to have occurred multiple times each week. While each of the girls testified to several specific instances of abuse, each also repeatedly testified, over ongoing objections, that the abuse had happened many other times." *Id.* at ¶ 11.

{¶ 65} In contrast to the situation in *Shaw*, the "other acts" testimony in the case before us was not extensive, and a limiting instruction was given.

{¶ 66} In *Shaw*, we stated that "[t]he limiting instruction should be given at the time the 'other acts' evidence is received, [*State v.] Lewis*, supra [66 Ohio App.3d 37, 583 N.E.2d 404 (2d Dist.1990)], and it has been held that the failure to give any limiting instruction constitutes plain error." (Citations omitted.) *Id.* at ¶ 13. We also found no justification for the extensive amount of other acts testimony. *Id.* at ¶ 14. We stressed that "[e]ven if some minimal reference to the pattern of abuse as part of the fabric of the victims' lives was more relevant than prejudicial, the pervasive nature of the testimony precluded Shaw's right to a fair trial. It is also significant that the trial court gave no limiting instruction regarding the 'other acts' testimony, either at the time the testimony was offered or in the jury instructions at the close of the trial." *Id.*

{¶ 67} Notably, in *Shaw*, we did not say that the limiting instruction "must" be given at the time of the testimony. We used the terms "should" and "either" - meaning that the instruction could be given at the time of the testimony or at the end of the trial. *See also State v. Jordan*, 2d Dist. Montgomery No. 26163, 2016-Ohio-603, ¶ 25 (finding no error where trial court gave the limiting instruction during the jury charge, even though "it may have been better if the court had given the instruction immediately following the Evid.R. 404(B) testimony and also reiterated it in the charge to the jury.")

{¶ 68} Thus, in the case before us, the trial court did not err in failing to give the instruction at the time A.G. testified. Again, the trial court did give a limiting instruction, and we presume that the jury followed the instruction.

{¶ 6958} Furthermore, when the Evid.R. 404(B) objection was made, Landers only asked that "the Court issue a brief cautionary

> instruction either at this time or after the testimony is rendered; just
> simply tracking the language of 404(B)" Transcript of Proceedings,
> Vol. I, p. 24. The court's action, therefore, was consistent with
> Landers' request. *See State v. Robinson*, 6th Dist. Lucas No. L-10-
> 1369, 2012-Ohio-6068, ¶ 66 (noting that "Ohio law does not require
> the trial court to issue contemporaneous limiting instructions where
> none are requested.").
>
> {¶ 70} Based on the preceding discussion, we conclude that the trial
> court did not abuse its discretion in admitting evidence under
> Evid.R. 404(B). The evidence in question met the criteria for
> admission. Furthermore, the trial court did not err in failing to give
> the jury a limiting instruction at the time the evidence was presented.
> Landers did not request a contemporaneous instruction, and the
> court properly provided limiting instructions during the jury charge.
> Accordingly, the First Assignment of Error is overruled.

*State v. Landers, supra.*

As can be readily seen, the Second District decided this issue entirely as a matter of Ohio

evidence law, applying Ohio R. Evid. 404(B) and Ohio Revised Code § 2929.59. It does not

mention any federal case law at all. This is scarcely surprising since Landers cited no federal case

law in his brief in support of his First Assignment of Error; all he did was to claim denial of a fair

trial under the Fifth and Fourteenth Amendments. (Appellant's Brief, State Court Record, ECF

No. 6, PageID 75). From one perspective, then, Ground Six could be treated as procedurally

defaulted for want of fair presentation.

On the other hand, Landers did make a barebones federal constitutional claim in his First

Assignment of Error and the Second District did decide that Assignment on the merits. From this

perspective, the issue would be whether that decision was contrary to or an objectively

unreasonable application of clearly established Supreme Court precedent. It was not because the

Supreme Court has never held that admission of "other bad acts" evidence violates the United

States Constitution.

Evidentiary questions generally do not rise to the constitutional level unless the error was

so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, "'defined the category of infractions that violate fundamental fairness very narrowly.'" *Bugh,* 329 F.2d at 512, quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000), quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996). "[T]he Supreme Court has defined very narrowly the category of infractions that violates fundamental fairness." *Bey v. Bagley*, 500 F.3d at 522 (6th Cir. 2007) (internal quotation marks omitted), citing *Dowling v. United States*, 493 U.S. 342, 352 (1990) (Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities.) "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh ,* 329 F.3d at 512 (noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991)).

In this particular case, the other bad acts evidence was particularly relevant to the charges on which Landers was indicted. All of the acts in question were sexual acts directed to the victim of the indicted counts. They were intended to show that Landers was "grooming" her for eventual

sexual conduct. "Grooming" of this sort is a well-known phenomenon with respect to lowering the inhibitions of intended child sexual victims, of normalizing sexual conduct between the intended victim and the offending adult. Landers was not denied a fair trial by admission of this other act testimony.

Therefore, Ground Six should be dismissed either as procedurally defaulted or because the Second District's decision is neither contrary to nor an objectively unreasonable application of Supreme Court precedent.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days

because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).