# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSHUA LANDERS,

        Petitioner,    :    Case No. 3:18-cv-175

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

               :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Substituted Report and Recommendations recommending the Petition be dismissed (the "Report," ECF No. 28). District Judge Rice has recommitted the case for consideration of the Objections (Recommittal Order, ECF No. 32).

**Preliminary Matters**

    **Transcript of the First Trial**

Joshua Landers was indicted by a Greene County grand jury on three counts of rape of a child under thirteen years of age and one count of attempted anal rape of the same victim. A first trial resulted in a hung jury. Landers objects that he has not been furnished with a transcript of the first trial. He claims that if he had that transcript, he could show (1) he received ineffective

1

assistance of trial counsel at the second trial because State's witnesses were not effectively impeached and (2) the prosecutor knowingly presented perjured or false testimony at the second trial (Objections, ECF No. 31, PageID 919).

Landers was not convicted on any count in the first trial. Rather, as the record filed by Respondent shows, the jury was unable to reach a verdict on any count. When Landers was convicted at the second trial, he appealed. Ineffective assistance of trial counsel claims in Ohio must be raised on direct appeal if they can be shown from the record on appeal; otherwise they are barred by *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175 (1967). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970). When Landers appealed, he included as his Sixth Assignment of Error that he received ineffective assistance of trial counsel in other ways than the failure of effective cross-examination. He did not include at all a claim of prosecutorial misconduct for presenting perjured or false evidence.

When Landers filed his Ohio App. R. 26(B) Application to complain of ineffective assistance of appellate counsel, he included the claim that appellate counsel failed to complain of trial counsels' failure to object to the prosecutor's "knowingly soliciting perjured and falsification [sic] testimony (State Court Record, ECF No. 6, PageID 177-78). He did not claim that appellate counsel was ineffective for failure to claim trial counsel was ineffective in his cross-examination of State witnesses.

To the extent Landers' claim of ineffective assistance of trial counsel about cross-examination could have been shown on the appellate record, he has procedurally defaulted that claim because it was completely omitted on direct appeal and he did not seek to excuse that default by claiming it was ineffective assistance of appellate counsel not to raise that assignment of error. As to his claim of prosecutorial misconduct, he does not plead that as an independent ground for

assistance of trial counsel at the second trial because State's witnesses were not effectively impeached and (2) the prosecutor knowingly presented perjured or false testimony at the second trial (Objections, ECF No. 31, PageID 919).

Landers was not convicted on any count in the first trial. Rather, as the record filed by Respondent shows, the jury was unable to reach a verdict on any count. When Landers was convicted at the second trial, he appealed. Ineffective assistance of trial counsel claims in Ohio must be raised on direct appeal if they can be shown from the record on appeal; otherwise they are barred by *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175 (1967). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970). When Landers appealed, he included as his Sixth Assignment of Error that he received ineffective assistance of trial counsel in other ways than the failure of effective cross-examination. He did not include at all a claim of prosecutorial misconduct for presenting perjured or false evidence.

When Landers filed his Ohio App. R. 26(B) Application to complain of ineffective assistance of appellate counsel, he included the claim that appellate counsel failed to complain of trial counsels' failure to object to the prosecutor's "knowingly soliciting perjured and falsification [sic] testimony (State Court Record, ECF No. 6, PageID 177-78). He did not claim that appellate counsel was ineffective for failure to claim trial counsel was ineffective in his cross-examination of State witnesses.

To the extent Landers' claim of ineffective assistance of trial counsel about cross-examination could have been shown on the appellate record, he has procedurally defaulted that claim because it was completely omitted on direct appeal and he did not seek to excuse that default by claiming it was ineffective assistance of appellate counsel not to raise that assignment of error. As to his claim of prosecutorial misconduct, he does not plead that as an independent ground for

relief and as an underlying claim to his claim of ineffective assistance of appellate counsel, it is procedurally defaulted by his failure to appeal denial of his 26(B) application to the Ohio Supreme Court.

Landers claims he did appeal to the Ohio Supreme Court and offers as proof documents attempting to appeal which were stamped "received" by the Clerk of that court. Landers asserts in his Objections that this was the result of "negligence" by the Clerk of the Ohio Supreme Court who should have filed the documents and in any event is not properly treated as a procedural default because there is no reasoned judgment from the Ohio Supreme Court about why the appeal was not filed, citing *Harris v. Reed*, 489 U.S. 255 (1989) (Objections, ECF No. 31, PageID 923).

Landers has presented no evidence that the documents he sent to the Supreme Court of Ohio which were stamped "received" were in fact a proper filing of an appeal from the 26(B) denial. The record shows that the Second District Court of Appeals Decision denying the 26(B) Application was filed August 21, 2017 (State Court Record, ECF No. 6, PageID 191). The Rules of Practice of the Supreme Court of Ohio require that an appeal from the decision of an appellate court be filed within forty-five days of the appellate decision. Forty-five days after August 21, 2017, would have been October 5, 2017. The documents which Landers presents to show filing in the Ohio Supreme Court do not include a Notice of Appeal. Instead, they are the face page and table of contents of a memorandum in support of jurisdiction and an affidavit of indigency. Both PageID 883 and 886 are stamped "received" twice, once on September 29, 2017, and once of October 13, 2017. Landers does not contest the Magistrate Judge's finding from searching the Ohio Supreme Court database that no appeal from the 26(B) Application was ever docketed in that court. He also provides no explanation for how the same documents came to be stamped

3

"received" on two different dates. From past experience with the Ohio Supreme Court, it appears likely that whatever he submitted on September 29, 2017, was returned to him by the Clerk with or without an explanation, and then re-submitted by him after the time for appeal had expired. Landers provides no explanation and no proof that what he submitted on September 29, 2017, was in fact a properly submitted appeal. Instead, he attributes the "received" stamp on both occasions instead of a "filed" stamp to clerical negligence. He also never attempts to show he moved the Ohio Supreme Court to accept his filings and correct its clerk's "negligence."

Landers objection based on *Harris v. Reed, supra*, is not well taken. A court cannot give a reason, procedural or substantive, for why it does not grant relief in a case if the case is never filed. *Harris* respects the notion that a state appellate court may excuse some technical irregularities and decide a case on the merits. When this happens, the state court has not enforced any prior procedural default and a subsequent habeas court can decide the case on the merits. The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla,*370 F.3d at 497, citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Even more so must this Court assume the Supreme Court of Ohio would have enforced any procedural rule Landers did not satisfy, either because his September 29, 2017, attempted filing was incomplete or because his October 13, 2017, attempted

filing was too late.

To the extent Landers is asserting that his claim of ineffective assistance of trial counsel is not barred by *res judicata* because it depends on matter outside the direct appeal record, i.e., the transcript of the first trial, Landers has procedurally defaulted the ineffective assistance of trial counsel claim in another way. When a petitioner claims relief on an issue that requires matter outside the appellate record, he can bring that claim by a petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Milanovich,* 42 Ohio St. 2d 46 (1975); *Saylor v. Overberg*, 608 F.2d 670 (6th Cir. 1979); *State v. Gibson,* 69 Ohio App. 2d 91 (Cuyahoga Cty. 1980). However, Landers has not filed such a petition and his time to do so has now expired. Therefore any ineffective assistance of trial counsel claim based on evidence in the transcript from the first trial has been procedurally defaulted.

**Evidentiary Hearing**

Also as a preliminary matter, Petitioner asks District Judge Rice to conduct an evidentiary hearing "to determine the full content and nature of the discussion, arguments, or agreements made in chambers pertaining to the issue of Due Process and Double Jeopardy." (Objections, ECF No. 31, PageID 920.) However, a federal habeas court must decide whether a state court decision is contrary to or an objectively unreasonable application of Supreme Court precedent on the basis of the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011). This Court does not have authority to conduct the evidentiary hearing Landers seeks.

5

**Ground One: Double Jeopardy**

In his First Ground for Relief, Landers contends his rights under the Double Jeopardy Clause were violated when the trial court dismissed Count 4, the attempted anal rape charge, without also dismissing Count 3, the actual anal rape count (Petition, ECF No. 1, PageID 5; ECF No. 1-1, PageID 20-21).

The Report recommends dismissal of Ground One because it was not fairly presented to the state courts as a double jeopardy claim (Report, ECF No. 28, PageID 894). Apart from reliance on that procedural default, the Report recommends dismissal on the merits because there was no Double Jeopardy violation created by dismissal with prejudice of the attempted anal rape charge at the close of the State's case.

As to the procedural default recommendation, Landers does not argue this claim was fairly presented to the Second District. Instead, he claims it was plain error of which they should have taken notice (Objections ECF No. 31, PageID 927). The Magistrate Judge does not doubt the authority of an Ohio appellate court to notice plain error when it is called to the court's attention. But Landers made no such claim on direct appeal and there is no constitutional authority for the proposition that a state court must notice plain error, particularly when the parties do not raise the question.

Landers next argues his procedural default in raising this issue is excused by ineffective assistance of appellate counsel. *Id*. For reasons given above, that claim is itself procedurally defaulted by Lander's failure to appeal to the Ohio Supreme Court from denial of his 26(B) application.

Landers at this point in his Objections repeats his claim about the negligence of the

6

Supreme Court clerk. *Id.* at PageID 928. That issue is also dealt with above.

Landers asserts that, if this Court does not find cause and prejudice to excuse his procedural default, it should excuse the default because he is actually innocent. *Id.* at PageID 929. As proof of actual innocence, he points to his acquittal on two counts. *Id.* That does not follow logically. The other two counts charged different conduct from the anal rape count.

Moreover, the actual innocence exception to procedural default depends on presentation of new evidence that the jury did not hear. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), quoting *Schlup v. Delo*, 513 U.S. at 324. Landers has presented no new evidence of actual innocence at all.

Apart from procedural default, Landers' Double Jeopardy claim is without merit. In the Objections, he refer to the long-established *Blockburger* test: the test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). To prove anal rape as it was charged against Landers under Ohio Revised Code § 2907.02(A)(1)(b), the State had to prove that Landers actually engaged in sexual conduct with a person under thirteen. To prove attempted anal rape under Ohio Revised Code § 2923.02(A), the State had to prove Landers engaged in conduct which, if successful, would have constituted sexual conduct with a person under thirteen. Attempted anal rape is a lesser included offense of actual anal rape because of the language in Ohio Revised Code § 2923.02(E) which provides that "[a]n attempt to commit any other offense [aside from murder and certain drug offenses] is an offense of the next lesser degree than the offense attempted." Thus

7

for *Blockburger* purposes, the different element in an attempt it that it is unsuccessful; that is what makes it a "lesser" offense.

Landers was charged with both completed anal rape and attempted anal rape as alternatives to one another, depending on what the evidence showed. When at the close of the State's evidence, the State moved to dismiss and the Court granted the motion, it was because these two charges were in the alternative. It was on the same basis that the trial judge refused to charge on attempted anal rape: the evidence supported either a conviction on actual rape or an acquittal. The victim testified to a completed anal rape – actual penetration – rather than an unsuccessful attempt at anal rape. Acquittal on the attempt did not amount to acquittal on the actual rape charge because the elements are different.

Landers' objections on Ground One are not well taken.

**Ground Two: Dismissal of the Attempted Anal Rape Charge**

In his Second Ground for Relief, Landers asserts he was denied due process of law when the state trial court granted the State's motion to dismiss the attempt charge at the close of the State's case (Petition, ECF No. 1, PageID 7).

The Report concluded Landers had cited no clearly established Supreme Court precedent holding that such a dismissal, which was made with prejudice, was unconstitutional. Landers argued the claim in the Attachment to his Petition as a denial of his grand jury indictment right, but, as pointed out in the Report, the grand jury right in the Fifth Amendment is not applicable to the States. (Report, ECF No. 28, PageID 896-97.) Basically the Report agreed with the Second District's decision that the state of the evidence would support an actual anal rape conviction, but

not an attempt. (Report, ECF No. 28, PageID 897).

In his Objections, Landers reframes his grand jury claim as a fair notice claim under *Russell v. United States*, 369 U.S. 749 (1962)(Objections, ECF No. 31, PageID 930). This is, however, a different claim from the claim to a right to grand jury indictment. Moreover, Landers does not argue what it is about the indictment that does not give him fair notice: he knew what kind of criminal conduct was alleged, who the alleged victim was, and when and where it was alleged to have happened. That is sufficient notice under *Russell*.

Landers also argues dismissing the attempt charge was a "structural error." (Objections, ECF No. 31, PageID 931-32). Errors of a structural nature cannot be harmless. *Arizona v. Fulminante*, 499 U.S. 279 (1991). Examples include judicial bias (*Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *citing Washington v. Recuenco,* 548 U.S. 212 (2006), and *Sullivan v. Louisiana,* 508 U.S. 275, 283 (1993))*, Tumey v. Ohio*, 273 U.S. 510 (1927)), complete denial of counsel (*Johnson v. United States*, 520 U.S. 461 (1997)), racial discrimination in the selection of a grand jury (*Vasquez v. Hillery*, 474 U.S. 254 (1986)), denial of self-representation at trial (*McKaskle v. Wiggins,* 465 U.S. 168 (1984)), denial of public trial (*Waller v. Georgia*, 467 U.S. 39 (1984)), a defective reasonable doubt instruction (*Sullivan v. Louisiana*, 508 U.S. 275 (1993)), *Batson* violations, *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008), or exclusion for cause of a juror who has scruples about the death penalty, *Wheeler v. Simpson*, 779 F.3d 366 (6th Cir. 2015), citing *Lockhart v. McCree*, 476 U.S. 162, 176 (1986), and *Uttecht v. Brown*, 551 U.S. 1 (2007). In *McCoy v. Louisiana*, 584 U.S. ___, 138 S.Ct. 1500 (2018), the court added admitting guilt when a client wants to oppose it, even when evidence is overwhelming. The Supreme Court has never held dismissal with prejudice of a count of an indictment is any kind of constitutional error, much less structural error.

Landers argues the dismissal was an "invasion of the providence [sic] of the jury." *Id.* at PageID 932. Of course any time a trial judge dismisses a count of an indictment with prejudice, he or she is removing an issue from jury determination. But a judge is required by the Fourteenth Amendment to remove an issue from jury determination when there is not sufficient evidence to support it. Here the unequivocal evidence as reported by the Second District was of actual anal penetration, not attempted anal penetration. Landers' obvious hope, of course, was that the jury would, by way of compromise, find him guilty on the attempt and not guilty on the completed rape because the attempt charge carries a less severe sentence. But there is no constitutional entitlement to have a count submitted to a jury on that basis when the evidence does not support it.

**Ground Three: Refusal to Give a Lesser Included Offense Instruction on Count Three**

In his Third Ground for Relief, Landers claims he was denied due process when the trial court refused to give a lesser included offense instruction as to the anal rape charge, Count 3.

The Report recommends dismissal of this Ground because, as the Second District found, the evidence, if believed, supported conviction of actual anal rape, and not an attempt.

The Objections discuss how a constructive amendment of an indictment can occur when a court allows conviction on a charge not actually made in the indictment (Objections, ECF No. 31, PageID 933). But that is not what happened here: Landers was charged in Count 3 with actual anal rape. It is not the case that the trial court allowed him to be convicted of actual rape when the only charge was attempt.

Landers repeats his double jeopardy arguments here, but they are no more persuasive than on the other claims for relief.

**Ground Four: Insufficient Evidence**

In his Fourth Ground for Relief, Landers asserts he was convicted on insufficient evidence.

The Report notes Landers' procedural default of this Ground in that he presented his evidence claim to the Second District as a manifest weight of the evidence claim, which is not cognizable in habeas (Report, ECF No. 28, PageID 900-01). Because the Second District decided against him on this claim, the Report recommends deferring to that Court under AEDPA because denial of a manifest weight claim is equivalent to denial of an insufficient evidence claim (Report, ECF No. 28, PageID 902.)

As he did in his Reply, Landers argues at length that, because of inconsistencies in their testimony, one or the other of the State's non-victim witnesses must be lying. Not so. The charged offenses occurred in March 2013. The second trial which resulted in conviction did not occur until September 2015, two and one-half years later. It would not be at all uncommon for two witnesses' memories of what happened that far in the past to differ. Inconsistencies such as this are for a jury to resolve, as they did.

Landers also complains that the DNA evidence is incomplete, but the Constitution does not require any DNA evidence to convict of rape.

The bottom line on Ground Four is that the victim testified she suffered anal penetration by Landers and he has not shown no reasonable juror could have believed her. Therefore Ground Four should be dismissed.

**Ground Five: Ineffective Assistance of Trial and Appellate Counsel**

In his Fifth Ground for Relief, Landers asserts he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel "by counsel's failure to bring constitutional issues to the States [sic] courts attention, that resulted in the wrongful conviction of an innocent man." (Petition, ECF No. 1-1, PageID 26.)

The Report recommends dismissing Ground Five on the merits (Report, ECF No. 28, PageID 906.) Petitioner's Objections do not require additional analysis.

**Ground Six: Introduction of "Other Acts" Testimony**

Over Petitioner's objection, the State was permitted to introduce evidence of "other bad acts" – sexual contact with the victim which the State characterized as "grooming" behavior, and which occurred before the sexual conduct for which Landers was indicted. Landers claims that he was prejudiced by this evidence on the theory that it was not introduced in his first trial which resulted in a hung jury (Petition, ECF No. 1, PageID 14-15).

This issue was presented to and decided by the Second District purely as a matter of Ohio evidence law. However, Landers did argue on appeal that this new evidence denied him a fair trial, invoking barebones constitutional claims. The Report recommends either dismissal for procedural default (failure to fairly present the constitutional claim) or on the merits. (Report, ECF No. 28, PageID 913).

The Report found that all the other bad acts testified to were sexual acts directed to the victim and hence proper to show Landers' efforts at "grooming" her. *Id.*. Landers objects that "an

un-bias [sic] Jurist would believe the State only introduce [sic] this "other bad" act evidence to strengthen its other wise extremely weak case, as demonstrated by the First Trial Hung Jury." (Objections, ECF No. 31, PageID 942). The Magistrate Judge agrees that this other evidence bolstered the State's case which clearly needed bolstering, as evidenced by the hung jury in the first trial. But if the evidence did not bolster the case, it would have been excludable as irrelevant. The Report notes that grooming evidence related to the eventual victim of child sexual abuse is very relevant because "'Grooming' of this sort is a well-known phenomenon with respect to lowering the inhibitions of intended child sexual victims, of normalizing sexual conduct between the intended victim and the offending adult." (Report, ECF No. 28, PageID 913.

Landers argues this Sixth Ground in his Objections largely in terms of Ohio evidence law. He makes no response to the point made in the Report that the Supreme Court has never found other acts evidence to be unconstitutional. (ECF No. 28 at PageID 912, citing *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003). Because the Second District's decision to allow this evidence is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent, it is entitled to deference under AEDPA.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends the Petitioner be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability

<mark>13</mark>

and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 21, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).